## SARGESSER v. MARTY et al.

First Division. Juneau. August 22, 1924.

No. 2375–A.

**Mortgages ☞440—Process—Summons—Succinct Statement of Relief Demanded.**

Motion to quash summons because it did not contain a succinct statement of the relief demanded in the complaint. The complaint was filed by the plaintiff to have a mortgage foreclosed, on refusal of the trustee to do so, and alleged that Marty claims an interest in the property by virtue of a lien. The mortgage or trust deed is not set forth, and no reference is made to it only to the record thereof. The statement in the summons is that plaintiff seeks to foreclose its claim and lien against the property, and seeks to have the claim of defendant Marty against said property declared fraudulent and void. *Held*, not a sufficient statement, and the summons quashed.

Hellenthal & Hellenthal and Henry Roden, all of Juneau, for plaintiff.

R. E. Robertson, of Juneau, for defendant Marty.

REED, District Judge. I have considered the motion to quash the summons in this action, and, while the motion is largely technical, I am of the opinion that the summons does not sufficiently set forth the relief demanded by the complainant. The statute requires that a succinct statement of the relief demanded in the complaint shall be set forth in the summons for publication, and the question is: Does the summons so set forth a statement of the relief demanded?

The complaint itself is subject to considerable criticism, as it does not clearly appear therefrom the exact nature of the relief demanded; but I gather therefrom that the plaintiff is a stockholder of the defendant corporation, as well as a holder of certain bonds secured by a mortgage or deed of trust; that as such stockholder and owner of bonds he has requested the trustee named in the mortgage to foreclose the mortgage, but that the trustee has declined so to do, although more than one-fourth of the bondholders have requested that the same be done; that the plaintiff seeks to have the trust mortgage foreclosed and declared a lien on the premises mortgaged, and that the premises be sold to satisfy his demands;

that the defendant Marty claims an interest in the property by virtue of the foreclosure of a lien and sale of the property thereunder; and the plaintiff herein further seeks to have the mortgage lien declared prior and superior to any claim of interest or lien of defendant Marty, and that the interest of said Marty in the premises be declared null and void because of fraud.

It is noticeable that the mortgage or trust deed, or the terms thereof, is not set forth in the complaint itself; reference being had only to the record thereof. The statement set forth in the summons is that the plaintiff seeks to foreclose its claim and lien against certain mining claims at or near Windham Bay, in Juneau precinct, and all appurtenances and personal property on said mining claims, and seeks to have the claim of defendant Marty against said property declared fraudulent and void. No reference is made in the summons as to the mortgage or the trust deed, or the terms thereof, which is sought to be foreclosed; nor is there a sufficient statement in the summons to put the defendant on his guard. While it is not necessary that the summons contain a full statement of the relief demanded in the complaint, yet it is necessary that a concise or summary statement thereof be given.

I do not think that a summary statement of the relief demanded is given in the summons, and I am therefore constrained to sustain the motion to quash. See Compiled Laws of Alaska 1913, § 879; Session Laws Alaska 1923, c. 39; Am. & Eng. Enc. Law, pp. 815, 816.